IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| **ALEJANDRO REYES and JOSE LEON** | )<br>)<br>) |
| **Plaintiffs,** | )<br>) |
| v. | )<br>)<br>) |
| **A BUILDER'S DREAM INC. and LUIS DIAZ,** individually, | )<br>)<br>)<br>) |
| **Defendants.** | ) |

## COMPLAINT

Plaintiffs, Alejandro Reyes and Jose Leon, by and through their attorneys, Becerra Law Group, LLC, for their Complaint against A Builder's Dream Inc. and Luis Diaz, individually (herein "Defendants"), state as follows:

### NATURE OF PLAINTIFFS' CLAIMS

1. This lawsuit arises under the Fair Labor Standards Act, 29 U.S.C. §201, *et seq.* ("FLSA"), the Illinois Minimum Wage Law, 820 ILCS 105/1 *et seq.* ("IMWL"), the Employee Classification Act, 820 ILCS 185/1 *et seq.* ("ECA"), and the Illinois Wage Payment and Collection Act, 820 ILCS 115/2 *et seq*. ("IWPCA") for Defendants' failure to pay earned wages and overtime wages to Plaintiffs.

2. Plaintiffs worked in excess of 40 hours per week but were not paid overtime wages at the rate of one and a half times their regular rate of pay for all time worked in excess of 40 hours per week.

3. Plaintiffs have not been paid their owed wages.

1

## JURISDICTION AND VENUE

4. This Court has jurisdiction over Plaintiffs' FLSA claims pursuant to 28 U.S.C. §1331, arising under 29 U.S.C. § 216(b). This Court has supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. § 1367.

5. Venue is proper in this judicial district as the facts and events giving rise to Plaintiffs' claims occurred in this judicial district.

## THE PARTIES

6. Plaintiff Alejandro Reyes resides and is domiciled in this judicial district.

7. Plaintiff Alejandro Reyes is a former employee of Defendants who was employed by Defendants in this judicial district. During the course of his employment, Plaintiff Alejandro Reyes handled goods that moved in interstate commerce.

8. Plaintiff Jose Leon resides in and is domiciled in this judicial district.

9. Plaintiff Jose Leon is a former employee of Defendants who was employed by Defendants in this judicial district. During the course of his employment, Plaintiff Jose Leon handled goods that moved in interstate commerce.

10. Defendant A Builder's Dream Inc. (hereinafter "Builder's"), is an Indiana corporation doing business within this judicial district. Defendant Builder's is an "enterprise" as defined by Section 3(r)(1) of the FLSA, 29 U.S.C. § 203(r)(1), and is an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1)(A), 29 U.S.C. § 203(s)(1)(A).

11. Defendant Builder's was Plaintiffs' "employer" as that term is defined by the FLSA, 29 U.S.C. 203(d), the IMWL, 820 ILCS 105/3, and the ECA, 820 ILCS 185/5.

12. Defendant Luis Diaz is the owner of Builder's and is involved in the day-to-day

business operation of Builder's. Among other things, Defendant Luis Diaz has the authority to hire and fire employees, the authority to classify employees, the authority to direct and supervise the work of employees, the authority to sign on the company's checking accounts, including payroll accounts, and he has the authority to participate in decisions regarding employee compensation and capital expenditures.

13. Defendant Luis Diaz was Plaintiffs' "employer" as that term is defined by the FLSA, 29 U.S.C. 203(d), the IMWL, 820 ILCS 105/3, the IWPCA, 820 ILCS, 115/2, and the ECA, 820 ILCS 185/5.

## FACTUAL ALLEGATIONS

14. Defendants operate a construction company incorporated in the State of Indiana that does work in the Northern District of Illinois.

15. Plaintiffs are electricians who were employed by Defendants to perform construction work in Chicago, Illinois.

16. Defendants managed Plaintiffs' work, including the amount of hours they worked.

17. Defendants dictated, controlled, and ratified the wages earned and hours worked and all related employee compensation policies.

18. Defendants paid Plaintiffs $25.00 per hour.

19. At all times, Defendants maintained direct supervisory authority over Plaintiffs.

20. In addition, Defendants provided all of the materials and heavy machinery Plaintiffs used to perform their work.

21. Plaintiff Alejandro Reyes worked exclusively for Defendants from September 6, 2016 to November 10, 2016.

22. Plaintiff Jose Leon worked exclusively for Defendants from September 19, 2016

to November 10, 2016.

23. Plaintiffs were improperly classified by Defendants as independent contractors.

24. Defendants did not pay taxes and contributions for Plaintiffs and other similarly situated employees to the United States and the State of Illinois that were required for employees and not required for independent contractors.

25. Defendants failed to pay Plaintiffs at a rate of one and one-half times their regular hourly rate of pay for all time worked in excess of 40 hours in a single work week in violation of the FLSA and the IMWL.

26. Defendants failed to pay Plaintiff Alejandro Reyes for 67.5 hours of work.

27. Defendants failed to pay Plaintiff Jose Leon for 113 hours of work.

28. For the week ending on October 28, 2016 Plaintiff Alejandro Reyes worked 32 hours all of which were not paid by Defendants.

29. Attached to this Complaint as Exhibit A is Alejandro Reyes's time card for the week ending on October 28, 2016.

29. For the week ending on October 28, 2016 Plaintiff Jose Leon worked 48 hours all of which were not paid by Defendants.

30. Attached to this Complaint as Exhibit B is Jose Leon's time card for the week ending on October 28, 2016.

## COUNT I
### Violation of the Fair Labor Standards Act - Overtime Wages

31. Plaintiffs hereby reallege and incorporate paragraphs 1 through 30 of this Complaint, as if fully set forth herein.

32. This count arises from Defendants' violation of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*, for Defendants' failure to pay overtime wages to Plaintiffs.

33. Plaintiffs worked for Defendants and were "employee(s)" of Defendants as defined by Section 3(e)(1) of the FLSA, 29 U.S.C. § 203(e)(1).

34. Defendants were Plaintiffs' "employer(s)" within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

35. During the course of their employment by Defendants, Plaintiffs were not exempt from the overtime wage provisions of the Fair Labor Standards Act, 29 U.S.C. § 207.

36. Plaintiffs were directed by Defendants to work, and did work, in excess of 40 hours per week.

37. Pursuant to 29 U.S.C. § 207, for all weeks during which Plaintiffs worked in excess of 40 hours, they are entitled to be compensated at a rate of one and one-half times their regular hourly rate of pay.

38. Defendants did not compensate Plaintiffs at a rate of one and one-half times their regular hourly rate of pay for time they worked in excess of 40 hours in individual workweeks.

39. Defendants' failure to pay Plaintiffs overtime wages for time worked in excess of 40 hours per week was a violation of the Fair Labor Standards Act, 29 U.S.C. § 207.

40. Defendants' failure and refusal to pay overtime wages for time worked in excess of 40 hours per week was a willful violation of the Fair Labor Standards Act, 29 U.S.C. § 207.

41. Defendants willfully violated the Fair Labor Standards Act by refusing to pay Plaintiffs and other non-exempt employees overtime wages for hours worked in excess of 40 hours per week.

WHEREFORE, Plaintiffs pray for a judgment against Defendants as follows:

    A.    A judgment in the amount of one and one-half times each Plaintiff's regular rate for all time each Plaintiff worked in excess of 40 hours per week;

      B.      Liquidated damages in an amount equal to the amount of unpaid overtime compensation found due;

      C.      Reasonable attorneys' fees and costs incurred in filing this action; and

      D.      Such other and further relief as this Court deems appropriate and just.

## COUNT II
## Violation of the Illinois Minimum Wage Law - Overtime Wages

42. Plaintiffs hereby reallege and incorporate paragraphs 1 through 41 of this Complaint, as if fully set forth herein.

43. This Court has supplemental jurisdiction over the matters alleged herein pursuant to 28 U.S.C. § 1367.

44. The matters set forth in this Count arise from Defendants' violation of the overtime compensation provisions of the Illinois Minimum Wage Law. 820 ILCS 105/4a. Plaintiffs brings this action pursuant to 820 ILCS 105/12(a).

45. At all relevant times herein, Defendants were Plaintiffs' "employer(s)" as defined in the Illinois Minimum Wage Law, 820 ILCS 105/3(c), and Plaintiffs were Defendants' "employee(s)" within the meaning of that Act.

46. During the course of their employment by Defendants, Plaintiffs were not exempt from the overtime wage provisions of the Illinois Minimum Wage Law, 820 ILCS 105/4a.

47. Pursuant to 820 ILCS 105/4a, for all weeks during which Plaintiffs worked in excess of 40 hours, Plaintiffs are entitled to be compensated at one and one-half times their regular hourly rate of pay for time worked in excess of 40 hours per week.

48. Defendants failed to pay Plaintiffs one and one-half times their regular hourly rate of pay for time worked in excess of 40 hours per week.

49. Defendants violated the Illinois Minimum Wage Law by refusing to compensate

Plaintiffs at one and one-half times their regular hourly rate of pay for all time worked in excess of 40 hours per week.

50. Pursuant to 820 ILCS 105/12(a), Plaintiffs are entitled to recover punitive damages in the amount of two percent (2%) per month of the amount of under payments.

WHEREFORE, Plaintiffs pray for a judgment against Defendants as follows:

A. A judgment in the amount of one and one-half times each Plaintiff's regular rate for all time each Plaintiff worked in excess of 40 hours per week;

B. Punitive damages pursuant to the formula set forth in 820 ILCS 105/12(a);

C. Reasonable attorneys' fees and costs incurred in filing this action; and

D. Such other and further relief as this Court deems appropriate and just.

## COUNT III
### Violation of the Employee Classification Act – Employee Misclassification

51. Plaintiffs hereby reallege and incorporate paragraphs 1 through 50 of this Complaint, as if fully set forth herein.

52. This count arises from Defendants' violation of the ECA, 820 ILCS 185/1 *et seq.* for their failure to properly classify Plaintiffs as "employees" and their failure to pay Plaintiffs their earned wages as required by the IMWL and the IWPCA.

53. During the course of their employment with Defendants, Plaintiffs were Defendants' "employee(s)" as defined by the ECA, 820 ILCS 185/10.

54. During Plaintiffs' employment, Defendants controlled and supervised Plaintiffs' work, provided materials and heavy equipment to Plaintiffs, and controlled Plaintiffs' work schedule.

55. Plaintiffs performed work that was inside the normal course of services provided by Defendants' business.

7

56. Pursuant to 820 ILCS 185/60, Plaintiffs are entitled to recover unpaid wages for the three years prior to the filing of this suit, plus liquidated damages and additional compensatory damages.

WHEREFORE, Plaintiffs pray for a judgment against Defendants as follows:

    A.     A judgment in the amount of all back wages due under the IMWL and IWPCA as set forth more fully in Counts II and IV of this Complaint;

    B.     Liquidated damages as provided for by the ECA, 820 ILCS 185/60(a)(1), in an amount equal to the amount of unpaid wages as provided by the IMWL and IWPCA;

    C.     Compensatory damages as provided for by the ECA, 820 ILCS 185/60(a)(2);

    D.     Statutory damages in an amount of up to $500 for each violation of the ECA, 820 ILCS 185/60(a)(2);

    E.     Reasonable attorneys' fees and costs of this action as provided by the Employee Classification Act, 820 ILCS 185/60; and

    F.     Such other and further relief as this Court deems appropriate and just.

## COUNT IV
### Violation of the Illinois Wage Payment and Collection Act – Nonpayment of Wages

57. Plaintiffs hereby reallege and incorporate paragraphs 1 through 56 of this Complaint, as if fully set forth herein.

58. This count arises from Defendants' violation of the IWPCA for Defendants' failure to pay wages to Plaintiffs.

59. Defendants failed and refused to pay Plaintiffs their earned wages.

60. Defendants willfully violated 820 ILCS § 115/9 by failing to pay earned wages due to Plaintiffs.

WHEREFORE, Plaintiffs pray for a judgment against Defendants as follows:

    A.    A judgment in the amount of all final compensation due Plaintiffs, as provided by the Illinois Wage Payment and Collection Act;

    B.    Prejudgment interest on the back wages in accordance with 815 ILCS 205/2; and

    C.    Such other and further relief as this Court deems appropriate and just.

Respectfully submitted,

Dated: December 9, 2016    **ALEJANDRO REYES AND JOSE LEON**

By: \_/s/Carlos G. Becerra
    One of Plaintiffs' Attorneys

CARLOS G. BECERRA (ARDC #6285722)
PERLA M. GONZALEZ (ARDC # 6310896)
Becerra Law Group, LLC
11 E. Adams, Suite 1401
Chicago, Illinois 60603
Telephone: (312)957-9005
Facsimile: (888)826-5848
Email: cbecerra@law-rb.com
E-mail: pgonzalez@law-rb.com